UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | |
| $25,024.00 IN U.S. CURRENCY, § | |
| Defendant in rem § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $25,024.00 in United States currency, Defendant in rem, and alleges the following.

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2), 31 U.S.C. §5332(c)(1), and 21 U.S.C. § 881(a)(6).

*Defendant in Rem*

2. Defendant in rem is approximately $25,024.00 in United States currency that was seized from Wilson Tenorio-Cuesta, at the George Bush Intercontinental Airport in Houston, Texas, on May 3, 2010.

*Jurisdiction and Venue*

Page 1 of 6

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Under 28 U.S.C. §§ 1355 and 1395(a) and (b), venue is proper in this Court because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas; the property was found in the Southern District of Texas; and this forfeiture action accrued in the Southern District of Texas.

*First Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States.

6. Under 31 U.S.C. § 5316(a)(1)(A), a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States.

7. Under 31 U.S.C. § 5324(c)(1) no person shall, for the purpose of evading the reporting requirements of section 5316, fail to file a report required by 31 U.S.C. § 5316. Also under 31 U.S.C. § 5324(c), no person shall, for the purpose of evading the reporting requirements of section 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact.

8. United States currency is a monetary instrument under 31 U.S.C.

§5312(a)(3)(A).

*Second Basis for Forfeiture*

5.     The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) which provides for the civil forfeiture of any property involved in a violation of 31 U.S.C. § 5332(a).  Under 31 U.S.C. §5332(a), it is a crime to smuggle bulk cash into the United States.  Section 5332(a) provides that:

> Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense. . . .

6.     Any property involved in this violation and any property traceable to such violation or conspiracy may be seized and forfeited to the United States under 31 U.S.C. §5332(c).

*Third Basis for Forfeiture*

9. The Defendant in rem is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a

controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

*Facts*

10. On May 3, 2010, Wilson Tenorio-Cuesta was about to leave the United States aboard Continental Airlines flight number 888 to Panama City, Republic of Panama, en route to the Republic of Colombia, at the George Bush Intercontinental Airport in Houston, Texas. As part of a routine Customs outbound inspection, a United States Customs and Border Protection Officer (CBP Officer) on the jetway for this flight asked Mr. Tenorio-Cuesta if he was transporting more than $10,000 in cash or monetary instruments for himself or others. Mr. Tenorio-Cuesta stated that he was carrying only $2,002.00. He stated this in writing and verbally.

11. A CBP Officer asked Mr. Tenorio-Cuesta to place all of his money on an inspection table. Mr. Tenorio-Cuesta removed $5,324 from his pants pocket and placed that money on the table. A CBP Officers then asked Mr. Tenorio-Cuesta if he was traveling with any other currency to which Mr. Tenorio-Cuesta said "no."

12. CBP officers searched Mr. Tenorio-Cuesta's outer clothing and they

discovered two large bulges on the inner side of Mr. Tenorio-Cuesta's short/pants. CBP Officers took Mr. Tenorio-Cuesta off the jetway and to the CBP inspection area. There they searched Mr. Tenorio-Cuesta and discovered $19,700 in two wads of money in the pockets of his boxer shorts. The pockets of these shorts were sewn shut.

13. The money was tested for traces of narcotics and traces of cocaine was detected on Mr. Tenorio-Cuesta's currency, bags, and clothing. He said that he uses cocaine but has not used cocaine in two months.

14. In total the officers discovered that Mr. Tenorio-Cuesta was about to transport approximately $25,024.00.

15. CBP Officers seized the funds for forfeiture. During an interview with Hector Villarreal, Special Agent, United States Immigration and Customs Enforcement, Mr. Tenorio-Cuesta said that he was aware of the reporting requirement of traveling with currency over $10,000, but he did not declare it because he thought he would have to pay tax.

*Relief Requested*

16. Plaintiff requests an arrest warrant and summons pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a judgment of forfeiture, and costs and other relief to which the Plaintiff may be entitled.

Dated: June 9, 2010.

                                Respectfully submitted,

                                José Angel Moreno
                                United States Attorney

                                By: /s/ Albert Ratliff
                                Albert Ratliff
                                Attorney-in-Charge
                                NY Bar No. 1073907
                                SDTX Bar No. 6764
                                Assistant United States Attorney
                                United States Attorney's Office
                                P. O. Box 61129
                                Houston, Texas  77208
                                E-mail: albert.ratliff@usdoj.gov
                                Office: (713) 567-9579
                                Fax: (713) 718-3300

*Verification*

I, Hector Villarreal, Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on June 10, 2010.

                                _____
                                Hector Villarreal, Special Agent
                                U. S. Immigration and Customs Enforcement